

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 8, 1947

Hon. C. E. Patterson    Opinion No. V-193
County Attorney
Brewster County    Re:  Taxation of wool in gov-
Alpine, Texas    ernment warehouses on
    consignment from ranchers.

Dear Mr. Patterson:

You present for the opinion of this Depart-
ment in your letter of April 15, 1947, the question of
whether or not wool in Federal Government Warehouses as
of January 1st is subject to ad valorem taxes for that
year; and, if so, upon whom the duty rests to render
and pay the taxes, i.e., whether the rancher who pro-
duced and consigned the wool to the warehouse or the
warehouseman.

Whether the wool under the circumstances cov-
ered by your letter is the property of the producer,
the rancher, or the government warehouse involves an
issue of fact which is beyond our province to pass upon
and which we will not attempt to resolve. We will as-
sume, however, for the purpose of this opinion, that
the wool remains the property of the producer until it
is appraised and in fact sold at a price mutually a-
greed upon between the producer and the Federal Govern-
ment.

Based upon this assumption, we are of the o-
pinion that until such sale is consummated the wool re-
mains in the hands of the producer and is a farm product
specifically exempt from taxation by virtue of Article
VIII, Section 19, of the State Constitution adopted in
1879, which reads as follows:

"Farm products in the hands of the pro-
ducer, and family supplies for home and farm
use, are exempt from all taxation until other-
wise directed by a two-thirds vote of all the
members elect to both houses of the Legislature.
(Sec. 19, Art. 8, adopted election first Tues-
day in September, 1879; proclamation October 14,
1879.]"

We think that wool does constitute a "farm product", and its storage in a government warehouse pending ultimate sale does not preclude its being "in the hands of the producer".

Literally, farming means the tillage or cultivation of the soil. But, as said by the court in the case of Dorothy Keeney vs. Frank B. Besman (Maryland Court of Appeals), 182 Atl. 566; 103 A.L.R. 1515: "Like many words compounded of different elements, it has the meaning of its own broader than that of the elements considered separately; for from time immemorial it has been regarded as synonymous with husbandry, and includes, not only the cultivation of the soil and the raising of crops, but also gathering in the crops and raising livestock. . . and as a natural concomitant of those activities, marketing of the products of the soil, the increase and the products yielded by the stock, such as wool and milk. That has been so from the earliest times." (Emphasis added)

We continue to quote from this case as follows: "But, where the milk sold is produced by cattle kept on the farm as a part of its operation, the business of producing and selling it is necessarily an agricultural pursuit, for the production of milk from cattle which consume the crops grown on the farm is as clearly an agricultural pursuit as raising sheep for their wool. . ." (Emphasis added) In Davis vs. Industrial Commission (Supreme Court of Utah), 206 Pac. 267, a sheep herder was held to be an agricultural laborer. In a Texas case, Hill v. Georgia Casualty Co. (Tex. Commission of Appeals), 45 S.W. (2d) 566, it was held that one employed at a nursery for the propagation of trees, vines shrubs, etc., was an agricultural laborer, and as a necessary corallary we think it follows that a ranchman engaged in raising sheep for the production and sale of wool is producing an agricultural or farm product. As long as such wool remains unsold by the ranchman it is a farm product in his hands and as such is specifically exempt under the foregoing provision of the Constitution.

The Legislature has never by two-thirds vote of all members of both Houses imposed a tax upon farm products "in the hands of the producer".

This constitutional exemption from taxation would not apply to wool that has passed out of the hands

of the producer by sale or otherwise, for it is exempt only "in the hands of the producer". If in fact the wool has passed out of the hands of the producer by sale to the Federal Government, then it would not be taxable unless Congress has specifically permitted the State to tax it. The State has no authority to tax property owned by the Federal Government so long as it insists upon its immunity.

If we assume that there has been a completed sale and the wool has in fact become the property of the Federal Government and as such continued in storage in the Federally owned warehouses, we know of no Congressional action waiving the immunity of the Federal Government from State taxation under such circumstances.

If, however, a sale of the wool has been made to a purchaser not itself entitled to claim immunity from taxation, a different rule would apply and tax liability would begin as in the case of any other personal property, for it would no longer be "in the hands of the producer" as provided by Article VIII, Section 19 of the Constitution.

## SUMMARY

Wool stored in Federal Government warehouses by ranchmen, but not actually sold, is specifically exempt from ad valorem taxes by virtue of Article VIII Section 19 of the Constitution of this State, as a farm product in the hands of the producer. If it actually has been sold to the Federal Government, it is not subject to ad valorem taxes by this State, in the absence of Congressional action permitting it.

Yours very truly,

APPROVED MAY 9, 1947       ATTORNEY GENERAL OF TEXAS

*Price Daniel*

ATTORNEY GENERAL       By       *L. P. Lollar*

                                       L. P. Lollar
                                        Assistant

LPL:lh:jm